FILED
U.S. DISTRICT C...
EASTERN DISTRICT OF LA

2022 JUL 14 A 8:29

CAROL L. ...
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA



**FELONY**

### BILL OF INFORMATION FOR WIRE FRAUD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **SECT. R MAG. 1** |
| v. | * | SECTION: **22-146** |
| KAREN CARTER PETERSON | * | VIOLATIONS: 18 U.S.C. § 1343 |
| | | 18 U.S.C. § 2 |
| * * * | | |

The Attorney for the United States, Acting Under the Authority Conferred by 28 U.S.C. § 515, charges that:

### COUNT 1

**A.   AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **KAREN CARTER PETERSON**, was a resident of New Orleans, Louisiana, within the Eastern District of Louisiana.

2. **PETERSON** was elected to the Louisiana State Senate from the 5th District, which encompasses parts of Orleans and Jefferson Parishes, and served as a Louisiana State Senator from about 2010 until about April 8, 2022.

3. **PETERSON** formed and maintained a campaign organization, the "Karen Carter Peterson Campaign Fund (alternatively referred to as the "KCPCF")," to solicit and raise campaign

___Fee_____
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc.No._____

funds from individual and corporate donors. The campaign funds were solicited on the representations and premise that the funds would be used to facilitate **PETERSON'S** reelection for the position of State Senator for the 5th District.

4. **PETERSON** had and maintained signatory authority over the Karen Carter Peterson Campaign Fund account at Crescent Bank and Trust bearing account number xxx4337.

5. "State Political Party A" was a political organization that was, among other things, responsible for raising funds on behalf of the election campaigns of its members to defray expenses associated with such campaigns. State Political Party A was led by an executive committee, overseen by a Chair, who was selected by the membership of the Central Committee of State Political Party A. State Political Party A also had a permanent staff who ran its day-to-day operations.

6. Funds raised by State Political Party A were regularly deposited into accounts at various financial institutions, including a bank account at Hancock Whitney National Bank bearing account number x7534.

7. **PETERSON** served as Chair of State Political Party A between about 2012 and 2020. As Chair, **PETERSON** oversaw the strategic decision-making, operations, outreach, and direction of State Political Party A and supervised State Political Party A's permanent staff, including individuals who had signatory authority of State Political Party A's financial accounts.

8. Person 1 was a friend and associate of **PETERSON**.

9. Person 2 was a friend and associate of **PETERSON**.

10. Person 3 was a friend and associate of **PETERSON**.

11. Person 4 was a friend and associate of **PETERSON**.

12. Person 5 was a friend and associate of **PETERSON**.

13. Person 6 was a friend and associate of **PETERSON**.

14. Company 1 was an entity owned, controlled, and operated by Person 5.

15. Company 2 was an entity owned, controlled, and operated by Person 6.

16. Company 3 was an entity owned, controlled, and operated by Person 2.

17. Company 4 was an entity owned, controlled, and operated by Person 2.

**B.** **THE SCHEME AND ARTIFICE TO DEFRAUD:**

Beginning at a time unknown, but not later than on or about November 25, 2013, and continuing until on or about April 4, 2020, in the Eastern District of Louisiana and elsewhere, the defendant, **KAREN CARTER PETERSON**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property from the Karen Carter Peterson Campaign Fund, from Karen Carter Peterson Campaign Fund contributors, and from State Political Party A by means of materially false and fraudulent pretenses, representations, and promises, through the use of interstate wire transmissions, including depositing checks, cashing checks, and withdrawing cash from financial institutions and then transmitting the funds to **PETERSON** for her own use.

**C.** **MANNER AND MEANS:**

It was part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** devised a scheme to defraud the KCPCF by diverting, and causing Person 1, Person 2, Person 3, and Person 4 to divert, campaign funds from the KCPCF to **PETERSON'S** personal use for the purpose of obtaining and using money and property from contributors to the KCPCF by means of materially false and fraudulent representations and promises.

It was part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** wrote checks drawn on the KCPCF account to Person 1, Person 2, Person 3, and Person 4 and

directed them to cash the checks at financial institutions in the New Orleans, Louisiana area, and then give most or all of the resulting cash to **PETERSON**.

It was further part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** used the funds from the KCPCF to pay for personal expenses unrelated to her campaign or the holding of public office, including to pay gambling-related expenses, and, in the course of soliciting additional contributions, failed to disclose to potential contributors that **PETERSON** had already used funds contributed to the KCPCF for her personal benefit.

It was further part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** caused the public filing of false and misleading campaign finance reports that mischaracterized expenditures as being for legitimate purposes related to her campaign or the holding of public office, but were, in fact, unrelated to providing such purposes and, instead, were diverted to **PETERSON'S** personal use.

It was further part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** exploited her position as Chair of State Political Party A to choose entities operated by her associates, specifically Company 1, Company 2, Company 3, and Company 4 (collectively, "the Companies"), purportedly to provide campaign-related services to State Political Party A, and to determine the amount State Political Party A would pay each of the Companies when, in fact, the Companies provided either no or minimal services for State Political Party A.

It was further part of the scheme and artifice to defraud that **KAREN CARTER PETERSON** directed the Companies to remit a portion of the funds paid to them by State Political Party A to **PETERSON** through either checks drawn on the accounts of the Companies or in cash.

**D.   THE OFFENSE:**

On or about March 15, 2018, in the Eastern District of Louisiana and elsewhere, the defendant, **KAREN CARTER PETERSON**, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, to wit: a check drawn on the KCPCF account in the amount of $4,500 payable to Person 1 purportedly for Person 1's provision of "legislative assistance," after which **PETERSON** directed Person 1 to cash the check, convert the entire amount to cash, and give the proceeds to **PETERSON** for her personal use, in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

1. The allegations of Count 1 of this Bill of Information are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offense alleged in Count 1, the defendant, **KAREN CARTER PETERSON**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses.

3. If any of the above-described property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

MICHAEL M. SIMPSON
ATTORNEY FOR THE UNITED STATES
Acting Under the Authority Conferred
by 28 U.S.C. § 515

_____
JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar No. 6282956

_____
JONATHAN L. SHIH
Assistant United States Attorney
New York Bar No. 4508669

New Orleans, Louisiana
July 14, 2022

# United States District Court

## FOR THE

### EASTERN DISTRICT OF LOUISIANA

No. _____

UNITED STATES OF AMERICA

vs.

KAREN CARTER PETERSON

BILL OF INFORMATION FOR WIRE FRAUD

Violation(s): 18 U.S.C. § 1343
18 U.S.C. § 2

Filed _____, 20 22

_____, Clerk.

By _____, Deputy

_____
*Assistant United States Attorney*
JORDAN GINSBERG